## Nyman Motor Vehicle Operator License Case.

Argued December 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Elmer T. Bolla,* Deputy Attorney General, and *Fred Speaker,* Attorney General, for Commonwealth, appellant.

*John R. Miller,* with him *Miller, Kistler, Lee & Campbell,* for appellee.

OPINION BY JACOBS, J., March 23, 1971:

This case involves the point system for driver education, testing, and suspension under §619.1 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 P.S. §619.1.

On March 19, 1969, the appellee was operating his motor vehicle, at approximately 1:20 a.m., on a public highway in Beech Creek Township, Clinton County. His speed was timed by a state police trooper for one-fourth of a mile. Appellee, without stopping, proceeded into Centre County where, at approximately 1:25 a.m., he was again timed by the same state trooper for one-fourth of a mile. On March 27, 1969, the trooper filed two informations: one before a magistrate in Clinton County charging the appellee with driving at 95 miles per hour, at 1:20 a.m. in Clinton County, when the speed limit was 55 miles per hour, and the other before

a magistrate in Centre County charging appellee with driving 110 miles per hour, at 1:25 a.m. in Centre County, when the speed limit was 55 miles per hour.

The appellee pleaded guilty and paid the fine in Centre County on April 7, 1969. He pleaded guilty and paid the fine in Clinton County on April 8, 1969. The Secretary of Revenue notified appellee, on May 2, 1969, that as a result of the Centre County conviction six points had been assigned to his driving record as of April 7, 1969, giving him a total point accumulation of 12 points. He was also notified that he had received a 120-day suspension of operator's license, being 60 days mandated under §619.1(b) for exceeding the speed limit by more than 30 miles per hour and 60 days mandated under §619.1(i) and (k) for an accumulation of 11 or more points. The suspension was effective May 19, 1969. The suspension was served by the appellee and his license was restored September 9, 1969. On May 15, 1970, appellee was notified that he had received a suspension of 150 days as a result of the Clinton County conviction, to become effective June 1, 1970. The suspension was computed as follows: a mandatory suspension of 60 days under §619.1(b) for exceeding the speed limit by more than 30 miles per hour and a suspension of 90 days as mandated by §619.1(i) and (k) for a second accumulation of 11 points. The appellee appealed to the lower court from the 150-day suspension.

The lower court set aside the suspension. The court decided that this "single continuous pursuit" would support only one arrest, stating that to be the issue of the case. It held that it was the duty of the officer to stop the defendant as soon as it reasonably could be done and that the officer could charge the violator with only one valid speed clock completed during the chase. The court then set aside the Clinton County conviction and held the appealed suspension invalid

for that reason. Although saying that *Commonwealth v. Muth,* 397 Pa. 106, 153 A. 2d 497 (1959), was not controlling, the court applied the rationale of *Muth* to this case.[1]

It is possible that a single continuous pursuit, during which there are two speed clockings, will support only a single conviction.[2] It is not necessary for this Court, however, to decide whether the facts presented in this case, if properly raised, would support two separate speeding convictions. We hold that the lower court erred in setting aside the second conviction by looking beyond the record to decide whether appellant should have been convicted.

In *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968), we held that the points and suspensions enumerated in §619.1 must be assigned by the secretary, without any discretion on his part, when a record of conviction is received by him. On appeal to the court of common pleas, we said the operator is limited to showing that (1) he was not convicted, or that (2) the records or computations of the secretary are incorrect. We further stated that the issue in the appeal is whether the operator *was* convicted and not whether he *should have been* convicted.

---

[1] In *Muth* it was decided that jurisdiction of the offense of operating an overloaded truck which had passed through several townships was vested only in the township where the truck was stopped and the arrest made, and that it was the duty of the officer to make the arrest as soon as it reasonably might be made to prevent other violations.

[2] There is a split of authority among jurisdictions which have considered this question. See, *e.g., Hall v. State,* 73 Ga. App. 616, 37 S.E. 2d 545 (1946) (holding that two clockings in separate counties support a conviction in each county); *Huff v. Kentucky,* 406 S.W. 2d 831 (Ky. 1966) (holding a speed of 100 m.p.h. for six miles, partly in one county and partly in an adjoining county, would support only one reckless driving charge).

When the appellee entered a plea of guilty and paid the fine and costs on both charges, he was in fact convicted of both charges. See *Baumer Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 372, 243 A. 2d 472 (1968). The records of the convictions were proper; there were no errors on their faces. Each showed that the magistrate before whom the conviction was entered had jurisdiction. They further showed that the appellee entered pleas of guilty on separate days to separate offenses. By allowing the appellee to say that the underlying facts would support only one arrest and conviction, the court below permitted appellee to show that there *should have been* no second conviction, not that there *was* no second conviction. This was contrary to the holding of *Virnelson,* supra.

Appellee argues that there was no second conviction since it was a second conviction for the same offense and is thus void. In effect, he is arguing that the prohibition against double jeopardy makes the second conviction void. Since *Benton v. Maryland,* 395 U.S. 784 (1969), the double-jeopardy provision of the United States Constitution is binding on Pennsylvania courts. The federal courts, in construing this provision of the Constitution, hold that double jeopardy is waived by failing to raise the defense at the trial level. *United States v. Hoyland,* 264 F. 2d 346, 351 (7th Cir. 1959), *cert. denied,* 361 U.S. 845 (1959), *rehearing denied,* 361 U.S. 904 (1959).

Appellee, by failing to raise the defense when he pleaded guilty to the Clinton County charge, waived any possible double-jeopardy defense. This is particularly true in light of the fact that this is not a direct appeal from the conviction,[3] but rather is a collateral

---

[3] The law provides an orderly procedure for attacking summary convictions. Article 5, §9, of the Constitution of Pennsylvania, as amended April 23, 1968, gives a convicted violator a right of

civil proceeding. *Cf. Texas Department of Public Safety v. Casselman*, 417 S.W. 2d 146, 148 (Tex. 1967). Thus, the second conviction is not void and cannot be set aside.

Although the court below erred in setting aside the April 8, 1969, Clinton County conviction, it does appear that appellee is entitled to partial relief due to an erroneous computation of his point record. On appeal of a license suspension, an operator may show that the computations of the secretary are incorrect. *Virnelson, supra*.

Prior to April 7, 1969, appellee had a total of six points on his record. When he was convicted of the April 7, 1969, offense the secretary correctly assigned six additional points to appellee's record, and imposed the first suspension since the record showed a total accumulation of 12 points. After September 9, 1969, when appellee completed his first suspension, his points were reduced to five by virtue of §619.1(m). The secretary then imposed six points for the April 8, 1969, conviction and imposed a 90-day suspension for a second accumulation of 11 or more points under §619.1(k). This was improper because §619.1(b) requires points to be assigned to a person's record "as of the date of conviction of the offense"; therefore, the 90-day suspension must be set aside. Had the points been properly assigned, as of April 8, 1969, the appellee would have had 18 points rather than 12 points, and the secretary should have given a suspension for 180 days consisting of: (1) 60 days for an accumulation of 11 or more points, (2) a 60-day mandatory suspension for the first conviction of driving more than 30 miles over the speed limit, and (3) a 60-day mandatory suspension for the second conviction of driving more than 30 miles over

appeal. Such appeal has been further implemented by the Minor Judiciary Court Appeals Act, 42 P.S. §3001 *et seq*. Such appeal was open to the appellee but he ignored it.

the speed limit. Since appellee has already served 120 days for (1) and (2) above, it follows that he has only a 60-day mandatory suspension for his April 8, 1969, conviction to be served.

The order of the court below is affirmed in part and reversed in part: That part of the order setting aside the 90-day suspension is affirmed. That part of the order setting aside the 60-day suspension is reversed and the 60-day suspension is reinstated.