CAMPBELL, P. J.,
— Defendant has appealed a 90-day license suspension. A certification of his departmental record is as follows:

*761

*762 It will be noted that defendant had a prior 75-day suspension which became effective May 5, 197Ó. His license was restored on July 20,1970, and his assigned points were reduced to five. On May 2, 1970, he ran a stop sign, a violation of section 1016(b). For this, he paid the fine on July 9, 1970, which became the effective date of his conviction and for this the department assigned five points.[1]
We, therefore, have directly raised the question of whether a post-suspension computation of points must give credit for the points assessed as a result of a conviction occurring between the effective date of defendant’s suspension and prior to the restoration of his license.
Section 619.1(b), 75 PS §619.1, provides, inter alia, as follows:
“The secretary . . . shall assign to the record . . . as of the date of conviction of the offense, a number of points for such conviction. . . .” (Italics supplied.)
Points must be assessed as of the date of conviction of the offense: Commonwealth v. Nyman, 218 Pa. Superior Ct. 221, 275 A. 2d 836.
.Section 619.1(m), 75 PS §619.1, provides as follows:
“Upon the restoration of driving privileges of any person whose operator’s license or learner’s permit has been suspended pursuant to this act, such person’s record shall show five (5) points and from the date of restoration such points shall be removed from his *763 record at the rate of two (2) each year, as provided in subsection (j).” (Italics supplied.)
If the secretary had properly assigned the points as of the date of the conviction, he would have had 19 points as of the date his license was restored and he would, therefore, be entitled to a credit of 14 points instead of nine. With this credit, there would be insufficient points to warrant the present suspension.
It would appear from a casual observation that this holding will grant a windfall to a defendant. We believe not. For example, if a violation occurred prior to the date of the suspension and defendant chose to pay the fine one day prior to the suspension, then, under the Nyman case above cited, the department would have to wipe out the points assigned for the conviction. We see no harm in also giving him the same treatment if he paid the fine one day following the effective date of his suspension. If he contested the case and delayed the conviction until after his license was restored, he would not be entitled to have his assigned points eliminated. If the offense requires a mandatory suspension in addition to assigned points, the department could add it on to the existing suspension if it knew of the offense in time, otherwise it could assign an appropriate additional suspension order.
We need not be concerned about a violation which occurs during the period of suspension, in which event defendant would be appropriately charged with driving during suspension for which an additional lengthy period of suspension could be imposed. The conviction date would dictate the treatment of the mandated points, i.e., whether before or after restoration date.
It will no doubt be argued by the department that, because of the time lag between the date of conviction *764 and the time in which the department receives knowledge thereof, they will be unable to take it into consideration as of the date of restoration. This is true, but when notice of the conviction is received, the department may adjust its records and allow proper credit at that time. We believe this to be the only logical interpretation which will give effect to both sections of the statute above quoted. We, therefore, are obliged to sustain defendant’s appeal and order the Bureau of Traffic Safety to set aside the present suspension order.

 The department also assessed five additional points for his failure to pass the examination required as a result of this conviction. This made a total of 15 points for which the department is now attempting to enforce an additional 90-day suspension. We are making no decision with respect to the points assigned for the failure to pass the examination since it is immaterial to the decision in this case, and the department is left free to assign these points following the restoration of July 20,1970, if it so desires.