## Commonwealth v. Packer

*John A. Felix*, for Commonwealth.

*Fred Speaker*, for appellant.

GREEVY, P. J., July 27, 1972.—

### FINDINGS OF FACT

On May 20, 1971, petitioner was convicted of a speeding violation sufficient to warrant the assessment of six points on his driving record. On June 9, 1971, defendant's operator's license was suspended

for 90 days and restored September 9, 1971. On May 8, 1972, almost one year after the speeding offense of May 20, 1971, and eight months after the return of petitioner's license, the Department of Transportation suspended petitioner's license for 120 days based upon his May 20, 1971, speeding conviction. Petitioner questions the legitimacy of this procedure in light of the applicable statutes.

## DISCUSSION

Although petitioner challenges the hearing procedure, we find that his second argument is dispositive.

The Act of April 29, 1959, P. L. 58, sec. 619.1(b), 75 PS §619.1(b), provides, inter alia, that

"The secretary *shall* . . . assign to the record of (a) person *as of the date of conviction* of (an) offense, a number of points for each such conviction . . ." (Italics supplied.)

A schedule of offenses and the points applicable to each offense follows subsection (b).

Subsection (m) of the above cited act provides, inter alia, that

"Upon the restoration of driving privileges of any person whose operator's license . . . has been suspended . . . such person's record *shall* show five (5) points . . ." (Italics supplied.)

The question for our determination is whether these two sections, read together, provide that a person in petitioner's position begins his driving record with a partially clean slate, to wit, five points, upon restoration of his operating privileges, irrespective of points accrued but not shown on his record because of the vagaries of the recordation procedure.

In Department of Transportation v. Bernstein, 3 Comm. Ct. 532 (1971), the Commonwealth Court held that a reduction to five points upon restoration of

operator's privileges was "mandated" by subsection (m).

The word "shall" in subsection (b) indicates the mandatory nature of the duty imposed on the Secretary of Transportation, for the manner and time of doing the act are the essence of the act, and petitioner's rights are substantially affected by the actions of the secretary. See the Statutory Construction Act of May 28, 1937, P. L. 1019, art. III, sec. 33, 46 PS §533, note 10, and cases cited thereunder.

Under (b), the secretary must assess a specific number of points as of *the date of the convictions*— not a year later: Nyman Motor Vehicle Operator License Case, 218 Pa. Superior Ct. 221, 226 (1971).

Reading these two mandatory sections together, then, we see that an individual in petitioner's situation cannot have his license suspended a year after an offense if, in the interim, a suspension has occurred covering the period during which the assessment of points for that offense was mandatory. In short, upon restoration of his privileges, he has five points.

For cases holding as we do today, see Silver Appeal, 54 D. & C. 2d 616 (C.P. Bucks, 1972), and Foltz License, 52 D. & C. 2d 760 (C.P. Centre, 1971).

We cannot agree with the positions stated in Commonwealth v. Wallace, 19 Chester Co. Rep. 136 (1971), and Commonwealth v. Nieves, 18 Chester Co. Rep. 10 (1969), for those opinions ignore the above appellate cases and seem to blatantly favor the inefficiency of bureaucratic red tape over the mandate of the legislature and the simplest concepts of fair play.

We make the following

## ORDER

And now, July 27, 1972, upon consideration and arguments of counsel, it is ordered, that the appeal is sustained.