Joel C. Johnson, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs June 10, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Stuart F. Conston, Goldberg, Frankel and Dickman, P.C.,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BLATT, August 19, 1982:

Joel C. Johnson (appellant) appeals here from an order of the Court of Common Pleas of Montgomery County which affirmed an order of the Department of Transportation, Bureau of Traffic Safety (Department) revoking his motor vehicle operating privileges for five years. The revocation was ordered pursuant to the habitual offender provision of the Vehicle Code. Section 1542 of the Vehicle Code (Code), 75 Pa. C. S. §1542.

On September 26, 1979, the appellant was charged with 10 violations of the Code committed during a single three-minute chase which began near Colebrookdale, Berks County, passed through Douglasville Township, Montgomery County, and ended in Upper Pottsgrove Township, Montgomery County. Charges were lodged against him in each jurisdiction through which he passed and he pled guilty before three different issuing authorities to all of these charges, including two violations of Section 3733 of the Code, 75 Pa. C. S. §3733, for fleeing or attempting to elude a police officer, and two violations of Section 3734 of the Code, 75 Pa. C. S. §3734, for driving with-

out lights to avoid identification or arrest. On January 14, 1980, upon being notified of the appellant's Section 3733 conviction, the Department suspended his operating privileges for six months; on February 13, 1980, an additional six months suspension was assigned upon his conviction under Section 3734; and on May 22, 1980, upon his second conviction under Section 3734, his operating privileges were revoked for five years pursuant to Section 1542 of the Code, which provides in pertinent part that:

(a) General rule.—The department shall revoke the operating privileges of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

(b) Offenses enumerated.—Three convictions arising from separate acts of any one or more of the following offenses committed either *singularly or in combination* by any person shall result in such person being designated as a habitual offender:

(1) Any offense set forth in section 1532 (relating to revocation or suspension of operating privilege). (Emphasis added.)

Conviction of Section 3733 and 3734 offenses are among those enumerated in Section 1532 of the Code, 75 Pa. C. S. §1532.

The appellant contends that the Department erred in classifying him as a habitual offender as a result

of their counting as two separate offenses two convictions for violations of the same section of the Code which occurred during one three-minute incident. We are bound, however, by the legislature's intent as expressed in Section 1542(b) of the Code, which specifically provides that the designation of habitual offender is to be applied upon "[t]hree convictions arising from separate acts of any one or more . . . offenses committed either singularly or in combination. . . ." The appellant pled guilty to charges lodged against him in three different jurisdictions, and, in some instances, to having committed the same offense in more than one township. Violations of the same section of the Code which occur at three different locations "do not coalesce into one act merely because the [offenses] occur within a given segment of time." *Department of Transportation, Bureau of Traffic Safety v. Auman,* 59 Pa. Commonwealth Ct. 468, 470, 430 A.2d 373, 374 (1981).

Furthermore, upon receipt of a record of conviction under statutorily specified sections of the Code, the Department is required to assign the penalty mandated under the statute; it has no discretion in this matter. *Nyman Motor Vehicle Operator License Case,* 218 Pa. Superior Ct. 221, 275 A.2d 836 (1971). The appropriate inquiry in an appeal such as this, therefore, is "whether the operator *was* convicted and not whether he *should have been* convicted." *Id.* at 224, 275 A.2d at 838 (emphasis in original).

When the appellant pled guilty to the offenses with which he was charged and paid the appropriate fines, he had been in fact convicted of those offenses. *Nyman.* And, upon being notified of the convictions, the Department had no recourse but to revoke his license. Section 1544(c) of the Code, 75 Pa. C. S. §1544(c).

388

We will therefore affirm the order of the trial court.

### ORDER

AND Now, this 19th day of August, 1982, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.