# In Re: Suspension of Driver's License of Kint

*Lawrence Weider,* for Department of Transportation

*John D. Kuhn,* for appellant.

SPICER, *P.J.,* January 3, 1984—This is an appeal from the assignment of three points against appellant's driving record and a suspension resulting from such assignment.

Appellant was convicted of an improper pass (75 Pa.C.S.A. §3307) and speeding (§3362). Citations issued indicated that the violations occurred at the same place and a minute apart. Appellant was assigned three points for the improper pass and four for the speeding charge. He argues that this violated the provisions of the Vehicle Code §1535(b) which provides:

(b) Multiple offenses from same act.—If a driver is convicted of two or more offenses as a result of the same act, points shall be assessed only for the of-

fense for which the greatest number of points may be assessed.

The Department of Transportation maintains that it properly assigned points for both violations because the two violations did not coalesce or merge into one act.

There is authority for the Commonwealth's position. Commonwealth v. Kondor, 96 York L.R. 81 (1983).

We do not think that the legislature intended to incorporate the technical rules of merger into the subsection (b). In our opinion, such a requirement would make the subsection meaningless because if merger applies there could only be one conviction. A lesser included offense necessarily involved in the commission of a greater offense disappears into the greater offense through merger.

Still, the cases make it clear that there must be some connection, both logically and from the standpoint of time and space, between the offenses in order for section 1535(b) to apply. Commonwealth v. Elsasser, No. 137 (C.C.P. Juniata Co. 1980) involved speeding on one street and failure to stop at a stop light at a different location. The incidents occurred six minutes apart. The subsection was not applied. Wilson License, 53 D. & C. 2d 510 (1970) involved two separate stop intersections.

Some cases have held the subsection to be inapplicable when a continuing violation occurs in two or more municipalities. The municipal boundaries were held to prevent the violations from coalescing into one act in Widman Automobile License, 23 Bucks Co. L.Rep. 35 (1972) and Johnson v. Commonwealth, 68 Pa. Commw. 384, 449 A.2d 121 (1982).

We must comment that the holdings in these last two cases may be suspect as a result of Common-

wealth v. Johnson (apparently, the same Johnson), ____ Pa. Super. ____ 466 A.2d 636 (1983). The Superior Court ruled that Johnson could withdraw his guilty pleas and that multiple convictions arising out of the same episode continuing through different municipalities was barred by the constitutional protection against double jeopardy.

The only conclusion we can draw from the citations in this case is that appellant sped in the act of making an improper pass. The violations were related in time, distance, and logic. We decline to follow the holding in Kondor, supra. To do so would be to render subsection 1535(b) meaningless, in our opinion. The subsection by its plain meaning applies to this case and prevented the Commonwealth from assigning points for the passing violation.

The attached order will be entered.

### ORDER OF COURT

And now, this January 3, 1984, the appeal is sustained and the action by the Department of Transportation is reversed as to three points assigned for a violation of 75 Pa.C.S.A. §3307 and the suspension of appellant's driving privileges as a result of such assignment. Costs shall be paid by appellant.