Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Elmer D. Miller, Appellee.

Submitted on briefs January 31, 1985, to Judges MacPhail, Barry and Palladino, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*John R. DeAngelis,* for appellee.

Opinion by Judge MacPhail, May 13, 1985:

The Department of Transportation, Bureau of Traffic Safety (DOT) appeals here from an order of the Court of Common Pleas of Allegheny County which sustained Elmer D. Miller's appeal from the recall by DOT of his school bus operator's certificate.

This case was heard de novo before the trial court. Our scope of review is to determine whether the trial court's findings of fact are supported by competent evidence, whether there has been an error of law or whether the trial court has manifestly abused its discretion. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

Miller's school bus operator's certificate was suspended pursuant to 67 Pa. Code §71.3, the DOT regulation which provides that school bus drivers must

234

have an annual physical examination and states at 67 Pa. Code §71.3(b) that "the minimum requirements for passing a physical examination" include in pertinent part:

(3) No established medical history or clinical diagnosis of:

(i) Diabetes mellitus requiring use of insulin or any other hypoglycemic medication.

(ii) Myocardial infarction, angina pectoris, coronary insufficiency.

(iii) Any other form of cardiovascular disease, including hypertension, with syncope, dyspnea, loss of consciousness, collapse or congestive failure.

This Court recently considered this regulation in *Department of Transportation, Bureau of Traffic Safety v. Johnson,* 88 Pa. Commonwealth Ct. 248, 489 A.2d 960 (1985). In that case we stated, "because the present regulation, at 67 Pa. Code §71.3(b)(3), disqualifies solely on the basis of such a medical history [of myocardial infarction], without proof of any current impairment, this case squarely requires this Court to decide the validity of the regulation in the present context." *Id.* at 254, 489 A.2d at 962. Recognizing that 67 Pa. Code §71.3 was promulgated by DOT under an express grant of legislative power, we concluded in *Johnson* that the regulation is reasonable and valid under substantive due process when read and applied to disqualify a school bus operator solely on the basis of a medical history of myocardial infarction and without regard for whether such person is presently asymptomatic. *See id.* at 254, 489 A.2d at 963.

We find no substantive difference between disqualification on the basis of a medical history of myocardial infarction, as in *Johnson,* or a medical history or clinical diagnosis of coronary insufficiency, the

basis of the disqualification in the instant case. The question in the instant case, therefore, must be whether Miller has a medical history or clinical diagnosis of coronary insufficiency. His present physical condition is not in issue.

The relevant portion of the order of the trial court states, "[t]he Court found as a fact that the appellant [Miller] underwent corrective heart surgery and that the subsequent medical evidence established that he was physically competent to operate a school bus." We hold as a matter of law that the trial court erred in predicating its decision upon Miller's present physical condition.

The record shows that Miller underwent corrective heart surgery because a cardiac catheterization "demonstrated a 95 percent obstruction in the proximal portion of one of his coronary arteries."[1] In our opinion surgery of this kind presupposes a medical history of coronary insufficiency such that Miller must be disqualified from operating a school bus on the basis of 67 Pa. Code §71.3(b)(3)(ii).

For these reasons we will reverse the decision of the Court of Common Pleas of Allegheny County and reinstate the recall of Miller's school bus operator's certificate by DOT.

## Order

The order of the Court of Common Pleas of Allegheny County dated November 16, 1983, No. SA 537 of 83, is hereby reversed.

The recall of Elmer D. Miller's school bus operator's certificate is hereby reinstated.

Judge Williams, Jr. did not participate in the decision in this case.

---

[1] Letter from Dr. Rodney C. Lipman to Miller's attorney, John R. DeAngelis, dated October 20, 1982.

DISSENTING OPINION BY JUDGE BARRY:

I dissent. I believe that, although *Johnson* is and should be the law, it is distinguishable from the present case. In *Johnson,* the petitioner's school bus operator's license was properly recalled because he had a history of a myocardial infarction. In this case, Mr. Miller has no history of and has not suffered a myocardial infarction. He underwent successful corrective surgery for a coronary arterial obstruction. The artery obstruction from which Mr. Miller suffered was not necessarily a coronary insufficiency within the meaning of 67 Pa. Code 71.3(b)(ii). Therefore, I would remand for a finding on this question. The miracles of heart by-pass surgery are known to all of us and, seemingly, Mr. Miller's operation *prevented* the coronary insufficiency which the Code could reasonably be construed to contemplate.

When Mr. Miller applied for certification, he already had undergone the corrective surgery which, according to the medical evidence, renders him physically capable of performing his school bus driver's duties. In fact, Dr. Rodney C. Lipman, a cardiologist, stated:

> I believe at this time, that Mr. Miller's condition is quite stable and that he is at little risk for the development of heart attack or sudden death. I feel that in all likelihood, Mr. Miller could return to part-time driving of a school bus without significant risk.

(Letter of Rodney C. Lipman, M.D., October 20, 1982, R. 7a.) Claimant's physician, Dr. Michael Gerber, stated that "Mr. Miller could safely drive a school bus, since at least as much is known about him as someone who has no history of cardiac disease, and we of course know that Mr. Miller presently has normal coronary blood flow." (Letter of Dr. Michael Gerber to Attorney John DeAngelis, October 28, 1982, R. 8a.)

An analogous yet not exact but illustrative situation occurs where, for instance, a certification applicant has incurred an eye injury or has developed cataracts requiring corrective surgery. Following surgery, the applicant no longer suffers visual impairment and, in fact, complies with the specified visual standards under the Pa. Code. I am sure that this hypothetical applicant would be declared capable of operating a school bus safely. I also believe Mr. Miller should not have been denied school bus operator's privileges unless his physical condition is such that he cannot be considered a safe risk to transport school children. I do not think the present record supports a conclusion that he cannot. I would, therefore, remand for DOT's answer to this question.