Joseph Giampa, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs April 9, 1985, to Judges CRAIG and COLINS and Senior Judge KALISH, sitting as a panel of three.

*A. Martin Herring,* for appellant.

*Robert C. Bell,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, and *Spencer A. Manthorpe,* Chief Counsel, for appellee.

Opinion by Judge Craig, May 21, 1985:

In this schoolbus driver's license recall case, Joseph Giampa has appealed from an order of the Court of Common Pleas of Montgomery County affirming the recall of his license by the Pennsylvania Department of Transportation because measurement of his hearing reflected a hearing loss greater than that permissible for schoolbus drivers under 67 Pa. Code §71.3 (b)(5), which allows:

> (5) No hearing loss greater than 25 decibels at frequencies of 500, 1000 and 2000 in the better ear without a hearing aid.

On appeal, Mr. Giampa contends that (1) his hearing, as a matter of fact, is nevertheless satisfactory for the safe operation of a schoolbus, and (2) the regulation is invalid.

On the first point, Mr. Giampa points to the opinion of the school physician, whose view was that the hearing deficiency did not prevent Mr. Giampa from operating a schoolbus safely, and to the similar opinion of a hearing specialist that Mr. Giampa's hearing levels were "within essentially normal range for his age" and that "he is not significantly impaired to the extent that he would be a risk driving a bus."

Judge Smillie, of the trial court, held that those specific medical opinions did not warrant reversing the recall action where the measured hearing loss exceeded the standard which the Medical Advisory Board of the Department of Transportation has adopted in the cited regulation.

Two recent decisions of this court confirm the correctness of Judge Smillie's conclusion. In *Department of Transportation, Bureau of Traffic Safety v. Johnson,* 88 Pa. Commonwealth Ct. 248, 489 A.2d 960 (No. 738 C.D. 1983, filed March 19, 1985), this court held that noncompliance with a similar standard in 67

Pa. Code §71.3(b)(3), which bars schoolbus operation by any driver with an established medical history of cardiovascular disease, justified a schoolbus driver's license recall despite specific medical opinion that the particular driver's physical condition did not constitute a threat to safety. Another recent decision of this court, *Department of Transportation, Bureau of Traffic Safety v. Miller*, 89 Pa. Commonwealth Ct. 232, 492 A.2d 121 (1985), held likewise.

Concerning the alleged invalidity of the regulation imposing the hearing loss standard, the brief for Mr. Giampa contends that it is "discriminatory" against the hearing-handicapped in that it makes no provision for exceptions. However, because a classification which embraces persons suffering from hearing loss clearly has a rational relationship to safety goals, and because we are not aware of any exceptions available to any other class of handicapped persons, no discriminatory effect is discernible. The brief for Mr. Giampa cites two cases which relate to the discriminatory impact of certain maternity leave regulations in school districts,[1] but they are inapplicable to the situation in this case.

An additional contention, that the regulation is "too sweeping," suggests a claim that the regulation is unreasonable, that is, violative of substantive due process. However, in view of the explicit legislative authorization conferred upon the Medical Advisory Board to formulate standards for driver licensing, under 75 Pa. C. S. §1517(b), this regulatory standard is entitled to the same deference as that which we ac-

---

[1] *Leechburg Area School District v. Pennsylvania Human Relations Commission*, 19 Pa. Commonwealth Ct. 614, 339 A.2d 850 (1975) ; *Freeport Area School District v. Pennsylvania Human Relations Commission*, 18 Pa. Commonwealth Ct. 400, 335 A.2d 873 (1975).

corded to the heart disease standard in our *Johnson* and *Miller* decisions.

Finally, the brief for Mr. Giampa raises a question as to whether the hearing loss standard constitutes an inappropriate job qualification. The brief does not pursue that claim, which we must reject for the obvious reason that hearing acuity is patently relevant to the ability to drive a schoolbus safely.

The order of the Montgomery County Court of Common Pleas is affirmed.

ORDER

Now, May 21, 1985, the order of the Court of Common Pleas of Montgomery County, dated January 26, 1982, is affirmed.