510 A.2d 398

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* John H. Walko, Appellee.

Argued March 10, 1986, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Joseph M. Kulik, Law Offices of Peter J. King,* for appellee.

OPINION BY JUDGE DOYLE, June 4, 1986:

The Department of Transportation, Bureau of Traffic Safety (DOT) appeals from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of John H. Walko (Appellee) from DOT's recall of his school bus operating privileges.

Appellee's privileges were suspended for his failure to meet the minimum requirements for passing his annual physical examination. At the time of his suspension, these requirements were set forth in 67 Pa. Code §71.3(b) and included the following:

(3) No established medical history or clinical diagnosis of:

. . . .

(ii) myocardial infarction, angina pectoris, coronary insufficiency.

(iii) any other form of cardiovascular disease, including hypertension with syncope, dyspnea, loss of consciousness, collapse or congestive failure.[1]

The trial court reversed the suspension, stating in its opinion that Appellee had undergone cardiovascular surgery but had no remaining symptoms of cardiovascular deficiency. DOT now argues that the suspension was based on Appellee's *history* of cardiovascular disease and that consequently, the case is controlled by this Court's decision in *Department of Transportation, Bureau of Traffic Safety v. Johnson,* 88 Pa. Commonwealth Ct. 248, 489 A.2d 960 (1985). We agree. In *Johnson* we held that 67 Pa. Code §71.3, which was promulgated under an express grant of legislative power, was reasonable and valid under substantive due

---

[1] The current version is found at 67 Pa. Code §71.3(b)(5), (6), and (7). DOT states in its brief that 67 Pa. Code §71.3(b)(3) disqualified any person with an "established medical history of heart disease." This may be too broad. Although 71.3(b)(3) could have been read to disqualify any person with any form of "cardiovascular disease," the regulation as revised clarifies that it refers only to those forms of cardiovascular disease which result in "syncope, dyspnea, loss or impairment of consciousness, collapse or congestive cardiac failure." 67 Pa. Code §71.3(b)(6). There is no evidence that Appellee ever suffered from any of these symptoms.

process when read and applied to disqualify a school bus operator solely on the basis of a medical history of myocardial infarction.

Appellee attempts to distinguish his situation from that in the *Johnson* case on the basis that he has never suffered a myocardial infarction (or heart attack) and has no "history of difficulties." It may be true that Appellee has never suffered an actual heart attack, but his attorney conceded at the beginning of the proceedings before the trial court that Appellee had "a technical history of heart problems." An examination of the record discloses that Appellee's physician diagnosed him as suffering from coronary artery disease in 1978 and that at that time a coronary revascularization (or bypass) was performed as a corrective measure.

In the recent case of *Department of Transportation, Bureau of Traffic Safety v. Miller,* 89 Pa. Commonwealth Ct. 232, 492 A.2d 121, (1985), we clarified that the holding of *Johnson* applies not only to a history of myocardial infarction but to a history of coronary insufficiency as well. Consulting Stedman's Medical Dictionary (21st Ed. 1970), we find that coronary "artery disease" is a general term for several conditions which tend to have as a common factor the propensity to cause insufficient coronary circulation. *See id.* at 146-47. "Revascularization" is defined as the "[r]eestablishment of blood supply to a part by blood vessel graft." *Id.* at 1388. Employing the logic used in *Miller,* we think it is safe to conclude that no one would subject himself to a coronary revascularization unless he suffered from a history of coronary insufficiency.

For these reasons, we must reverse the decision of the Court of Common Pleas of Allegheny County and reinstate DOT's recall of Appellee's school bus operating privileges.

## ORDER

NOW, June 4, 1986, the Order of the Court of Common Pleas of Allegheny County, No. S.A. 617 of 1983, dated January 20, 1984, is hereby reversed and the recall of Appellee John H. Walko's school bus operating privileges is reinstated.