541 A.2d 425

Carolyn Martino, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs February 23, 1988, to President Judge CRUMLISH, JR., and Judges MCGINLEY and SMITH, sitting as a panel of three.

*Steven G. Duvin,* for appellant.

*Harold H. Cramer,* Assistant Chief Counsel, with him, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE SMITH, May 16, 1988:

Carolyn Martino (Appellant) received a five-year revocation of her operating privilege[1] by the Department of Transportation (DOT) pursuant to the habitual offender provision of the Vehicle Code (Code).[2] Martino ap-

---

[1] The trial court heard Appellant's appeal of the five-year revocation of her license. The appeal was dismissed and the action of DOT was affirmed. Appellant does not appeal this decision.

[2] Section 1542(a) of the Code, 75 Pa. C. S. §1542(a), provides that: "The department shall revoke the operating privileges of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter."

peals an order of the Court of Common Pleas of Montgomery County which upheld two additional two-year revocations for violation of the additional offenses provisions of the Code.[3] We affirm the trial court's decision.

Martino essentially challenges the procedures followed by DOT in revoking her license and argues that the trial court's decision was not supported by competent evidence.

By official notice dated May 6, 1985, DOT notified Martino of revocation of her operating privileges for an additional period of two years as mandated by Section 1542(e) based upon a March 19, 1985 conviction for violation of Section 1543.[4] By official notice dated May 13, 1985, DOT notified Martino of revocation of her operating privileges for an additional period of two years based upon a March 8, 1985 conviction for violation of Section 1543.

Martino's initial driver's license revocation for a period of five years effective February 7, 1986, was mandated by Section 1542(a) and was predicated upon Martino's four convictions during the period November 1983 through January 1985 for violation of Section 1543. These convictions form the basis of Appellant's status as a habitual offender.

This Court's scope of review in driver's license suspension appeals is to determine whether findings of the trial court are supported by competent evidence; whether there has been an erroneous conclusion of law;

---

[3] 75 Pa. C. S. §1542(e) provides that "any additional offense committed within a period of five years shall result in a revocation of an additional period of two years."

[4] 75 Pa. C. S. §1543(a) provides that "any person who drives a motor vehicle on any highway of this Commonwealth at a time when the operating privilege is suspended, revoked or recalled is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.00."

or whether the trial court's decision represents an abuse of discretion. *Schnitzer v. Commonwealth of Pennsylvania*, 85 Pa. Commonwealth Ct. 38, 480 A.2d 388 (1984).

The only issues in license suspension cases are whether the licensee was convicted and whether DOT has acted in accordance with law. *Department of Transportation, Bureau of Traffic Safety v. Valentine*, 71 Pa. Commonwealth Ct. 8, 453 A.2d 742 (1982). DOT clearly met its burden by demonstrating that Martino's certified driving record contained four convictions for offenses committed within a five-year period thereby satisfying the habitual offender provision of the Code. To meet requirements of the additional offenses provision of the Code, Section 1542(e), DOT presented evidence of Martino's two additional convictions for violation of Section 1543 within a period of five years.

Martino argues that DOT failed to conduct a hearing prior to her classification as a habitual offender and revocation of her license and that DOT must prove Martino's incompetency as a driver. Cases cited by Martino refer to Section 618 of The Vehicle Code.[5] The current Code makes suspension or revocation mandatory, and does not require a hearing or prior determination of incompetency. The prior Code allowed discretionary suspension or revocation. DOT is required upon receipt of a record of conviction under the Code to assign the penalty mandated by statute. *Johnson v. Commonwealth of Pennsylvania*, 68 Pa. Commonwealth Ct. 384, 449 A.2d 121 (1982) citing *Nyman Motor Vehicle Operator License Case*, 218 Pa. Superior Ct. 221, 275 A.2d 836 (1971); *Department of Transportation, Bureau of Traffic Safety v. Frye*, 88 Pa. Commonwealth Ct. 380, 489 A.2d 984 (1985), *affirmed*, 514 Pa. 219, 523 A.2d 332

---

[5] Act of April 29, 1959, P.L. 58, *formerly* 75 P.S. §618, repealed by Sections 101-7506 of the Code, 75 Pa. C. S. §§101-7506.

(1987). As the trial court has determined in Martino's prior appeal that DOT acted properly and in accordance with law in revoking her license for five years as a habitual offender, Martino's additional convictions within the five-year period on March 19, 1985 and March 8, 1985, carried additional revocations of two-year periods each, mandated by Section 1542(e). Hence, Martino's license was properly revoked for four additional years. The trial court's dismissal of her appeal was therefore based upon competent evidence of record.

Martino argues that she was denied a fair trial as she was unrepresented by counsel and had little knowledge of the law. It appears from the record that the trial judge afforded Martino ample opportunity to present her appeal and noted in its opinion that she did not request continuance of the June 17, 1985 hearing. Furthermore, although the trial court heard Martino's economic hardship and inconvenience arguments, the court was without power to review merits of the underlying two convictions as Martino's payment of the fines imposed for driving while under suspension constituted a guilty plea resulting in the convictions. *Nyman; Valentine.*

Finally, DOT argues that Martino's appeal is frivolous and requests that this case be remanded to the trial court for imposition of counsel fees or other appropriate relief pursuant to Rule 2744 of the Pennsylvania Rules of Appellate procedure. Pa. R. A. P. 2744 provides:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just including (1) a reasonable counsel fee and (2) damages for delay at the rate of 6% per annum in addition to legal interest, if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom

costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

The test for identifying a frivolous appeal is to determine whether Martino's realistic chances of ultimate success are slight, and further, whether continuation of the contest is reasonable. *Langmaid L.H. Association Appeal,* 77 Pa. Commonwealth Ct. 53, 465 A.2d 72 (1983). The record establishes that Martino's appeal meets the *Langmaid* test and that costs are allowable under Pa. R.A.P. 2744. Martino had no legal basis for challenging her convictions nor the procedures followed by DOT in imposing penalty. Further, the trial court noted that on November 5, 1985, Appellant finally complied with the court's request of July 30, 1985 for "a concise statement of matters complained of on appeal" and that "due to Appellant's failure to timely notify the court reporter of the appeal, and to pay the necessary transcription costs, the notes of testimony were not completed until November 13, 1985."[6] This case is therefore remanded to the trial court for imposition of appropriate costs under Pa. R.A.P. 2744. The trial court's decision is in all other respects hereby affirmed.

ORDER

AND NOW, this 16th day of May, 1988, the decision of the Court of Common Pleas of Montgomery County is affirmed and the case is remanded to the trial court for imposition of appropriate costs under Pa. R.A.P. 2744.

Jurisdiction relinquished.

---

[6] Certified Record, Trial Court Op. at 3, n.2.