546 A.2d 155

In Re: The Appeal of Willie D. Stober From the Decision of The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety Operations, Recalling His School Bus Operator's Certificate. Willie D. Stober, Appellant.

Argued November 20, 1986, before Judges CRAIG, DOYLE and COLINS, sitting as a panel of three. Reargued February 24, 1988, before President Judge CRUMLISH, JR., and Judges DOYLE, BARRY, COLINS, PALLADINO, McGINLEY and SMITH.

*Robert W. Hallinger, Barley, Snyder, Cooper & Barber,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BARRY, August 24, 1988:

In *In Re: Appeal of Stober,* Pa. Commonwealth Ct. (slip opinion), 524 A.2d 535 (1987), a panel of this Court held that Section 504 of the Federal Rehabilitation Act of 1973, 29 U.S.C. §794, and *Strathie v. Department of Transportation,* 716 F.2d 227 (3rd Cir. 1983) could form the basis for invalidating a Department of Transportation (DOT) regulation requiring the recall of a school bus driver's license who had suffered a myocardial infarction. We remanded to the trial court for factual findings on whether (1) there was an appreciable risk that Mr. Stober could not secure the safety of his passengers and (2) an accommodation of heart attack victims by medical screening would unduly burden DOT. This remand was necessitated by the testimony of Mr. Stober's medical expert that successful open heart surgery and periodic stress tests which showed no problems made Mr. Stober less of a risk of suffering another heart attack than someone not so tested.

Following the filing of our decision, DOT filed a petition for reargument and reconsideration. In this petition, DOT for the first time presented two issues. It argued that the trial court had no jurisdiction to consider a violation of Section 504 of the Rehabilitation Act in the context of an appeal under Section 1550 of the Motor Vehicle Code, 75 Pa. C. S. §1550. It also argued that

certain federal regulations rendered the Rehabilitation Act inapplicable to DOT's regulations concerning school bus drivers. The matter was heard by the Court en banc and is now ready for disposition.

Under 75 Pa. C. S. §1550, an individual whose license has been recalled has a right of appeal to common pleas court. DOT, in its brief states, "The sole issue in a Section 1550 appeal from a Departmental administrative recall is whether the petitioner was competent to operate a particular class of motor vehicle on the date of the recall." (DOT's supplemental brief, p. 23). DOT takes the position that it sustains its burden by merely showing the past history of a myocardial infarction. Mr. Stober, on the other hand, has taken the position that he was competent to operate a school bus on the date in question and that DOT's use of its regulations violated the Rehabilitation Act. Our original decision in this case disposed of that dispute in favor of Mr. Stober and DOT has failed to convince us that the original decision is incorrect.

DOT relies upon a line of cases involving the automatic suspension of a driver's license following convictions of specifically enumerated sections of the Motor Vehicle Code. In *Commonwealth v. Johnson*, 68 Pa. Commonwealth Ct. 384, 387, 449 A.2d 121, 123 (1982), quoting *Nyman Motor Vehicle Operator License Case*, 218 Pa. Superior Ct. 221, 224, 275 A.2d 836, 838 (1971), we stated, "[T]he appropriate inquiry . . . 'is whether the operator *was* convicted, not whether he *should have been convicted.*'" (Emphasis in original.) We agree that a civil license suspension case cannot be used to collaterally attack a criminal conviction, but those cases are of no moment to the present analysis. In those cases, the operator had a decision of an independent tribunal that he had violated the Motor Vehicle Code. In the present case, however, DOT bore the bur-

den of proving that Mr. Stober was incompetent to drive a school bus. As it introduced only the past history of a myocardial infarction and since we held this was not sufficient, DOT simply failed to meet its required burden. We find no reason for vacating our prior order on this basis.

DOT also argues that the Rehabilitation Act does not apply to DOT's regulations. Although its argument is less than clear, DOT seems to argue that because the safety of school children is involved, the Rehabilitation Act does not apply. In support of this argument, DOT relies upon *Anderson v. U.S. Air, Inc.,* 818 F.2d 49 (DC Cir. 1987) and *Costner v. United States,* 720 F.2d 539 (8th Cir. 1983). For the following reasons, we believe those cases are inapposite.

In *Anderson,* a blind passenger challenged a Civil Aeronautics Board regulation which prohibited seating blind passengers next to emergency exits of the airplane. The Court upheld the regulation. DOT states in its brief that the Court found no violation of the Rehabilitation Act. While this is true, the Court found no violation because U.S. Air was not the recipient of direct federal subsidies necessary to bring the Rehabilitation Act into play. *Anderson* therefore offers no support for the position of DOT.

In *Costner,* the Circuit Court of Appeals for the Eighth Circuit refused to apply Section 503 of the Rehabilitation Act to a federal regulation prohibiting an individual with a history of epilepsy from driving trucks. Section 503 is the counterpart to Section 504, but deals with federal contractors as opposed to recipients of federal funds. The Court held that the regulation was reasonably related to a legitimate state interest, *i.e.,* safety. DOT states, "Reason dictates a higher standard for the transportation of children than for the transportation of goods." (DOT's supplemental brief, p. 17). DOT fails to

mention that Costner was suspended from driving trucks carrying highly flammable goods. Further, and even more important, we are ,persuaded by the Third Circuit's decision in *Strathie* rather than by the case of the Eighth Circuit.

We feel compelled to respond to DOT's arguments concerning the safety of school children. Nowhere in our original decision in this case was the safety of children ignored. In fact, such safety was of paramount concern. Our decision remanding to the trial court was, *inter alia,* for a finding on whether there would be an appreciable risk involved. Only if there is no appreciable risk to the children and if an accommodation of Mr. Stober and those similarly situated will not unduly burden DOT would Mr. Stober be permitted to drive a school bus.

ORDER

Now, August 24, 1988, the April 16, 1987 order of the Commonwealth Court of Pennsylvania at No. 1455 C.D. 1984 is confirmed.