**Commonwealth v. Lehman**

*Jeffrey L. Giltenboth,* for the commonwealth.

298

*Robert R. Watson,* for appellant.

MANNIX, *J.,* January 29, 1990 — This matter came before the court on appeal by Graham E. Lehman from recall of his school bus operating privileges by the Department of Transportation, effective June 9, 1989, pursuant to section 1519 of the Vehicle Code (75 Pa.C.S. §1519). Said recall was based on a physical examination report by Dr. William D. Slemenda which revealed that Mr. Lehman had had a myocardial infarction in December 1988.

At the time set for hearing before this court on August 29, 1989, the commonwealth offered into evidence, as exhibits no. 1 through 6, the records of the Department of Transportation and then rested. Immediately thereafter, on motion of appellant, this court entered an order continuing said hearing to October 24, 1989, to enable the appellant to take the deposition of Mr. Lehman's family physician, Dr. J.L. Funkhouser, on the matter of his present physical ability to operate a school bus. This was done and at the hearing on October 24, 1989, Dr. Funkhouser's deposition was admitted.

Following a review of the commonwealth's exhibits and the deposition of Dr. Funkhouser, wherein Dr. Funkhouser gave his opinion that Mr. Lehman had completely recovered from his cardiovascular condition, this court sustained Mr. Lehman's appeal by order dated October 25, 1989. The commonwealth timely filed an appeal from said order and, in response to this court's order of December 21, 1989, filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

The commonwealth first asserts that this court abused its discretion in continuing the August 29, 1989, hearing to enable the parties to take the

deposition of Dr. Funkhouser. However, this court then had before it only the commonwealth's exhibits, and it was necessary that competent medical evidence be received as to the present effect, if any, of the myocardial infarction on Mr. Lehman's ability to drive a school bus. The commonwealth made no objection to said continuance. This court was well within its discretion in hearing part of this appeal on August 29, 1989, and the balance on October 24, 1989, after competent medical evidence had been obtained.

The second issue raised by the commonwealth appears to be that an appellant cannot challenge a recall of his school bus operating privileges unless he bases his appeal on section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794) and attacks the validity of the regulation under which his license was recalled. However, any person aggrieved by recall of his operating privileges has a right to appeal said departmental action to the court of common pleas. See 75 Pa.C.S. §1519(c). Mr. Lehman's failure to invoke the Rehabilitation Act of 1973 does not preclude this appeal of the department's recall of his operating privileges.

The commonwealth's third and final basis for appealing this court's order of October 25, 1989, to the Commonwealth Court of Pennsylvania is based on 67 Pa. Code §71.3(b)(5), which provides as follows:

"§71.3. *Physical examination —*

. . .

"(b) Requirements of physical examination. A person is physically qualified to drive a school bus if the person:

. . .

300

"(5) Has no established medical history or clinical diagnosis of myocardial infarction, angina pectoris, coronary insufficiency, or pacemaker insertion."

The commonwealth's argument appears to be that, once a person has had a myocardial infarction, he is not and never again will be physically qualified to operate a school bus.

This court believes the instant case falls squarely within the decision of *Stober Appeal,* 119 Pa. Commw. 156, 546 A.2d 155 (1988), wherein the Commonwealth Court held that the Department of Transportation has the burden of proving that a licensee is incompetent to drive a school bus, and that the mere introduction of a past history of a myocardial infarction is insufficient where the appellant introduces medical evidence that he is presently qualified and competent to drive a school bus. In the instant appeal, Mr. Lehman presented this very evidence through the deposition testimony of Dr. J.L. Funkhouser, and for that reason, Graham E. Lehman's appeal was properly sustained.

For the foregoing reasons, this court entered its order of October 25, 1989.