## Peiper v. PennDOT

*Donald J. Smith,* for appellee.
*Patrick J. Redding,* for appellant.

KAYE, *J.,* July 30, 1991—Carol Ann Peiper has appealed from the February 8, 1991, recall by the Department of Transportation of her license to operate a school bus. The department's action was based on a physical examination report filed by

appellant's family physician in January 1991, which indicated that she had a medical history of heart disease. The recall was effected pursuant to department regulations which disqualifies an individual from driving a school bus who has "an established medical history or clinical diagnosis of myocardial infarction, angina pectoris, coronary insufficiency or pacemaker insertion." 67 Pa. Code §71.3(b). Appellant filed a timely appeal from the department's recall action as is authorized by section 1550 of the Vehicle Code, 75 Pa.C.S. §1550. A de novo hearing was held before the undersigned on June 6, 1991.

## FINDINGS OF FACT

At the time of hearing, appellant had been employed as a school bus driver for approximately 22 years. She has worked for the Chambersburg Area School District for 12 years and was employed prior to that by Valley Bus Lines. Appellant works three hours per day during the school year.

In October 1990, appellant reported to her doctor that she was experiencing discomfort in her left arm and chest, which was diagnosed as angina pectoris. Following a heart catheterization which revealed multiple arterial blockages, appellant underwent coronary artery bypass surgery in November 1990. Appellant recovered well post-operatively and had a normal stress test in January 1991. Appellant's physician testified that at the present time she is experiencing no coronary insufficiency and can operate a school bus with no undue risk to her passengers.

## DISCUSSION

The issue presented by this case is whether an individual who has a history of angina pectoris and coronary insufficiency, but who currently has been determined by medical examination to be in good physical condition, can nevertheless have her bus operator's privileges recalled by the department based solely on her *history* of heart disease. As noted previously, department regulations currently provide for the disqualification of bus drivers on the basis of a medical history alone. 67 Pa. Code §71.3(b). The issue of the validity of that regulation has been thoroughly analyzed by the Commonwealth Court and upheld as a reasonable exercise of the department's legislative rule-making power. In the case of *Bureau of Traffic Safety v. Johnson,* 88 Pa. Commw. 248, 256, 489 A.2d 960, 963 (1985), the court upheld the validity of the department's regulation under substantive due process standards and sustained the validity "of the regulatory basis for recall of a school bus driver's license solely upon the basis of medical history of heart attack." In *Penn-DOT v. Miller,* 89 Pa. Commw. 232, 492 A.2d 121 (1985), the court clarified that the holding in *Johnson* also applies to a medical history of coronary insufficiency. The court further summarized the *Johnson* holding as follows:

"Recognizing that 67 Pa. Code §71.3 was promulgated by DOT under an express grant of legislative power, we concluded in *Johnson* that the regulation is reasonable and valid under substantive due process when read and applied to disqualify a school bus operator solely on the basis of a medical history of myocardial infarction and without regard for whether such person is presently asymptomatic." *Id.* at 234, 492 A.2d at 122.

Application of this holding to the case at bar would require our affirmance of the department's

recall action given appellant's clear history of coronary insufficiency and angina pectoris.

We note our awareness of a more recent line of cases which would permit a further challenge to the department's action on the basis of the affirmative defense of section 504 of the Federal Rehabilitation Act of 1973, 29 U.S.C. §794. The case of *In re Stober,* __ Pa. Commw. __ , 524 A.2d 535 (1987), *aff'd on rearguments,* 119 Pa. Commw. 156, 546 A.2d 155 (1988), first addressed the applicability of section 504, which deals with the subject of handicap discrimination, to a case factually similar to the one at bar. The court determined that Mr. Stober had established a prima facie case of handicap discrimination in that he had experienced a heart attack and was, therefore, regarded by the department as a handicapped individual. Moreover, Mr. Stober established that he was excluded from his work due solely to that handicap. Having established a prima facie case under the Rehabilitation Act, the court determined that the burden of proof then shifted to the department to establish that Mr. Stober was not "otherwise qualified" to perform his work duties. The court, accordingly, remanded the case for a determination of "(1) whether there is an appreciable risk that Mr. Stober would not be able to secure the safety of his passengers; and (2) whether the accommodation of Mr. Stober, and individual like him, by treadmill stress testing or other medical screening procedures would present an undue burden on DOT." Id. at __, 524 A.2d at 539. A similar analysis was applied by the court in *PennDOT v. Brown,* 125 Pa. Commw. 372, 558 A.2d 121 (1989), *allocatur granted,* 525 Pa. 605, 575 A.2d 570 (1990).

Critical to our analysis here is the fact that in each of the Commonwealth Court cases which has permitted a challenge to the department's recall action,

such challenge has been grounded on the assertion by the driver of an affirmative defense under the Rehabilitation Act. It is only by virtue of such an affirmative defense that strict application of the department's regulation may potentially be avoided. The dilemma presented by the instant case is that, while evidence has been presented by appellant which could support an affirmative defense of handicap discrimination, appellant has at no time specifically asserted her status as a handicapped individual under the Rehabilitation Act. The department contends that her failure to assert such a defense constitutes a waiver thereof and requires that we apply the terms of the regulation on the basis of appellant's medical history alone.

Appellant cites the case of *Commonwealth v. Lehman,* 5 D.&C.4th 297 (1990) in support of her contention that the department may not rely on a past history of heart disease, where the appellant introduces evidence that she is presently qualified to drive a school bus. Our review of Pennsylvania appellate court decisions, however, convinces us that, absent specific assertion of an affirmative defense under the Rehabilitation Act, the burden does not shift to the department simply by the presentation of evidence regarding the current medical condition of the appellant. Instead, we believe that the department may continue to act on the basis of a medical history alone where no allegation of handicap discrimination is asserted. *See, PennDOT v. Chalfant,* 129 Pa. Commw. 430, 565 A.2d 1252 (1989). We believe such a result is clearly required by those cases, previously discussed, which uphold the validity of section 71.3(b) of the department's regulations.

Given the status of the record presently before us, we conclude that the department's recall of appellant's school bus driving privilege must be reinstated on the basis of appellant's clear medical history of coronary insufficiency and angina pectoris. In view of the medical evidence presented by appellant regarding her presently asymptomatic physical condition, however, we will also grant leave to appellant to amend her petition to assert an affirmative defense under the Rehabilitation Act. Our ruling in this regard in no way condones counsel's failure to assert an affirmative defense on behalf of his client prior to this stage of the proceedings. Instead, this action is taken in recognition of the fact that appellant's livelihood will be directly affected by the ultimate resolution of this matter. In order to avoid any prejudice to the department, we will allow the record to remain open for the presentation of additional evidence in the event that a properly amended petition is filed in a timely manner by appellant. We will, accordingly, enter the attached order.

## ORDER OF COURT

Now, July 30, 1991, it is hereby ordered that the recall of the school bus driving privilege of Carol Ann Peiper in the above-captioned matter be reinstated and the appeal therefrom be dismissed.

It is further ordered that Carol Ann Peiper is granted leave to file an amended appeal petition within 20 days of the date of this order. In the event such amended petition is timely filed and conforms to the dictates of the foregoing opinion, the record will remain open for the presentation of additional relevant evidence.