## PennDOT v. Shaffer

*Kathryn Linn-Stevenson, assistant counsel,* for the Commonwealth.

*Douglas McCall Bell,* for defendant.

SHAULIS, *S.J.,* June 3, 1993—This case is before the court on defendant's appeal of the suspension of her operator's license until satisfactory evidence is presented as to proof of competency in accordance with section 1519 C of the Vehicle Code.

### FACTS

On January 6, 1988, Doctor Paul R. Hyman filed a report with the Department of Transportation of Pennsylvania, on a form known as a "Convulsive Disorder Form" which is required to be filed by a doctor treating a patient for "seizure disorders".

The form indicates that defendant has been treated by this physician since April 1, 1980 as needed two (2) to three (3) times a year.

The report indicated that the doctor was treating her with Depakote 250 milligrams TID; and Tegretol 200 milligrams TID, and that the medication did not make her an unsafe driver. The report also indicated that the doctor did consider defendant physically and mentally

competent to operate a motor vehicle and that she had no other conditions or diseases which could decrease her ability to operate a motor vehicle.

Without any further evidence or physical examination by any other doctor, on February 9, 1988, the Department of Transportation notified the defendant that effective March 15, 1988 at 12:01 A.M. her operator's license was suspended until she could furnish satisfactory evidence as to proof of competency as authorized by section 1519 of the Vehicle Code.

Nowhere in the notice of suspension did the Department of Transportation indicate the area of incompetence of this defendant except to say "physical examination reports submitted by the physician of your choice revealed that you have an epileptic condition which is not compatible with the safe operation of a motor vehicle".

This statement is obviously not true because no other medical expert examined the defendant and Dr. Hyman's report made it absolutely clear that in his opinion her condition did not make her an unsafe driver.

It is quite obvious that this determination was not made by a medical expert but was determined by an employee of the department in a routine fashion merely because of the diagnosis under 3(c) of the Convulsive Disorder Form and based on some standard recommended by a medical advisory board and adopted by the department.

On March 9, 1988, a petition for appeal was filed by the defendant in this court and the matter was heard on March 16, 1991.

During the pendency of this appeal and on February 8, 1990, Dr. Paul R. Hyman, filed another Convulsive Disorder Form with the Department of Transportation in which he indicated that there was a change of medication to 800 milligrams a day of Tegretol, but indicated that the medication does not affect the patient's ability to safely

operate a motor vehicle and that she has no condition or disease which may affect her ability to safely operate a motor vehicle.

The Department of Transportation has failed to introduce any testimony or evidence but relies on 67 Pennsylvania Code 83.4(a) which is a regulation issued by the Department of Transportation which reads as follows:

"(a) A person suffering from epilepsy may not drive unless their personal licensed physician reports that the person has been free from seizure for a period of at least 1 year immediately preceding, with or without medication."

## DISCUSSION

We believe that the Department of Transportation's reliance on its own regulation is misplaced.

While many opinions have been written on this subject, few have been as well reasoned as the one written by former President Judge Charles H. Coffroth of this court in *Commonwealth v. Kipp,* 18 D.&C.3d 592 (1980).

See also, *In re: Appeal of Willie D. Stober,* 119 Pa. Commw. 156, 524 A.2d 535 (1987), *aff'd on reargument,* 119 Pa. Commw. 156, 546 A.2d 155 (1988); *Commonwealth v. Chalfant,* 129 Pa. Commw. 430, 565 A.2d 1252 (1989).

At the time we heard this appeal on May 16, 1991, there was the case of *Commonwealth v. Brown* before the Pennsylvania Supreme Court and counsel requested us to hold the decision in this case pending that determination and we agreed and now we have that determination reported at 533 Pa. 214, 620 A.2d 1139 (1993), however because the Pennsylvania Supreme

Court remanded the case to the Commonwealth Court, we do not have a decision on the crucial issue raised here, namely the affirmative defense of the Rehabilitation Act 29 U.S.C. 504.

The defense of the Rehabilitation Act was squarely raised by the defendant here and we adopt the reasoning of the Commonwealth Court in *PennDOT v. Brown,* 125 Pa. Commw. 372, 558 A.2d 121 (1989).

We conclude that the defendant, Lori L. Shaffer is a handicapped individual within the meaning of the Federal Rehabilitation Act and that the Department of Transportation recalled her driver's license solely because of that handicap without establishing that her condition made her an unsafe driver and contrary to the evidence produced by the only medical witness, that she was not a safety risk.

We conclude that from the evidence produced in this case including the continuation of driving during the period from when she obtained her license, about eight years ago, to the date of the hearing in this case, without incident and based on the expert opinion of her medical doctor that she is not a safety risk while driving, that there is no appreciable risk of her not being competent to continue driving. We also conclude that the Department of Transportation has not even attempted to show that an accommodation of this defendant, and others similarly situated would unduly burden the Department of Transportation.

## ORDER

Now, this 3rd day of June, 1993, the appeal from recall of appellant's operating privilege is sustained, the recall of the Department of Transportation is reversed and the Secretary of Transportation is directed to restore appellant's driver's license.

Costs on appellant.