564 A.2d 286

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Elizabeth C. TINSLEY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 6, 1989.

Decided Sept. 27, 1989.

Petition for Allowance of Appeal Denied April 16, 1990.

---

Donald H. Poorman, Asst. Counsel, Philadelphia, John L. Heaton, Chief Counsel, Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Leonard Tenaglia, Media, for appellee.

Before CRAIG, DOYLE and PALLADINO, JJ.

PALLADINO, Judge.

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Delaware County which reinstated the school bus driver license of Elizabeth C. Tinsley (Tinsley). We affirm in part and reverse in part.

Tinsley has been a school bus driver for Rose Tree Media School District (District) for eighteen years. In December 1985, Tinsley was diagnosed a diabetic. Tinsley currently takes hypoglycemic medication to control her blood sugar level.

By a letter dated September 11, 1987, DOT recalled Tinsley's school bus driving privileges pursuant to Section 1519(c) of the Vehicle Code, 75 Pa.C.S. § 1519(c), which requires DOT to recall the operating privileges of any person whose incompetency has been established. Tinsley was found to be incompetent under 67 Pa.Code § 71.3,[1] which prohibits a person having an established history or clinical diagnosis of diabetes which requires the use of insulin or any other hypoglycemic drug from being a school bus driver. Tinsley appealed this recall to the trial court.

After a de novo hearing, the trial court found that DOT's recall of Tinsley's school bus operating privileges violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Rehabilitation Act).[2] The trial court reinstated Tins-

1. 67 Pa.Code 71.3 provides in pertinent part:
 (b) Requirements of physical examination. A person is physically qualified to drive a school bus if the person:
 . . . .
 (4) Has no established medical history or clinical diagnosis of diabetes mellitus currently requiring use of insulin or other hypoglycemic medication.

2. Section 504 of the Rehabilitation Act provides in pertinent part:

ley's operating privileges upon the conditions that: (1) the District, or a physician selected or approved by the District, perform a blood prick test on Tinsley each day which she is to drive a school bus prior to operating such vehicle, (2) if the testing should reveal that her diabetic condition is not under control, the District is to suspend her immediately and she is to remain suspended until further order from the trial court, and (3) a copy of the blood test results is to be sent to DOT.

On appeal,[3] DOT argues that the trial court erred in permitting Tinsley to raise the Rehabilitation Act in an appeal of a license recall; that Tinsley is not an "otherwise qualified" individual under the Rehabilitation Act; and that the trial court did not have the authority to reinstate the motorist's license subject to certain conditions.

■■■ DOT first contends that because the Rehabilitation Act creates an independent cause of action, it can only be raised in a proceeding brought under this court's original jurisdiction. It is DOT's contention that to permit the raising of the Rehabilitation Act in an appeal of a license recall would place an undue burden on DOT because it has no forewarning that this issue will be raised and it would be forced to defend such collateral causes of action at the common pleas level.

Initially we note that Tinsley raised the Rehabilitation Act to attack the validity of the regulation under which her license was recalled. DOT's argument would require us to hold that a licensee could not challenge the validity of the regulation on appeal from a license recall. As a result, we

> No otherwise qualified individual with handicaps in the United States as defined in section 706(8) of this title, shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance....

3. Our scope of review is limited to a determination of whether the findings of fact are supported by competent evidence, errors of law were committed, or the trial court's decision demonstrates a manifest abuse of discretion. *Lewis v. Commonwealth,* 114 Pa.Commonwealth Ct. 326, 538 A.2d 655 (1988).

would be required to enforce invalid regulations. This we are unwilling to do. Accordingly, in *In re Stober,* ——— Pa.Commonwealth Ct. ———, 524 A.2d 535 (1987), *(Stober I )*, *aff'd on reargument,* 119 Pa.Commonwealth Ct. 156, 546 A.2d 155 (1988), we acknowledged that the Rehabilitation Act could be used to invalidate a regulation in a license recall appeal.

 To establish a cause of action under the Rehabilitation Act, Tinsley was required to prove that: (1) she is a "handicapped individual" under the Rehabilitation Act; (2) she is "otherwise qualified" for the position sought; (3) she was excluded from the position sought solely by reason of her handicap; and (4) the program or activity in question receives federal financial assistance. *Stober I,* at ———, 524 A.2d at 537.

It is uncontested that Tinsley is a handicapped individual within the meaning of the Act; that her school bus operating privileges were recalled because of the handicap; and that DOT is the recipient of federal financial assistance. Therefore, the sole issue with regard to the applicability of the Rehabilitation Act is whether Tinsley is an "otherwise qualified" individual within the meaning of the act.

An "otherwise qualified" individual, is one who meets all of the requirements of a job in spite of a handicap. *Southeastern Community College v. Davis,* 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979). A person who does not meet all of the qualifications of a job is otherwise qualified if accommodation by the federal recipient would not alter the essential nature of the program or cause an undue burden on the federal recipient. *Id.* In a Rehabilitation Act case, a trial court must evaluate the condition of the handicapped individual to determine if that individual is otherwise qualified. *School Board of Nassau County, Florida v. Arline,* 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987). Thus in *Arline,* the fact that a teacher was suffering from tuberculosis, a contagious disease, was not sufficient to sustain the teacher's suspension. The Supreme Court remanded the case for a determination based,

on the facts of the illness and its effects on the teacher, of whether accommodating the teacher would require a modification of the essential nature of the program or impose an undue burden on the employer (the recipient of federal funds).

The essential nature of the school bus licensing program is to prevent any and all appreciable risks that would prevent a school bus driver from controlling the students and safely operating the bus. *Stober I.* DOT contends that diabetics are an appreciable risk because a deviation from a daily routine of medication could result in an impairment of the bus driver's ability to provide for the safety of the passengers. DOT's speculation about the possible effects of diabetes is not appropriate. The proper inquiry must be directed to Tinsley herself and the effects of *her* handicap upon *her* job performance. *Arline.*

In the case at bar, it is undisputed that Tinsley's blood sugar level has been under control since shortly after she was diagnosed a diabetic in December 1985. Dr. Diwan testified that Tinsley's blood sugar level could be accurately tested, by a blood prick test, to determine whether her diabetes is under control. This test can be performed and the results obtained in approximately 30 seconds.

We can not agree that accommodation of Tinsley would either alter the essential nature of the program or be an undue burden on DOT. As previously noted, Tinsley's diabetes has been under control since her release from the hospital. Furthermore, the District has indicated that it would be willing to administer the blood prick test to ensure that Tinsley's diabetic condition remains under control and to suspend her if her condition is not under control. As a result, DOT would not be under any greater burden. The District is also willing to send the blood test results to DOT. Although DOT would not have direct daily control over the tests, it does not ordinarily have direct contact with any licensee, e.g. DOT does not check everyday to see if those who are required to wear corrective lenses are wearing them.

■ DOT finally contends that the trial court exceeded the scope of its authority by reinstating Tinsley's license subject to certain conditions. DOT contends that it is its job to set the conditions with which an individual must comply to operate a school bus. DOT asserts that because the trial court exceeded the scope of its authority, the reinstatement of the license should be reversed.

Because the recall of Tinsley's school bus operating privileges was a violation of the Rehabilitation Act, the trial court properly reinstated Tinsley's operating privileges. However, by imposing requirements for the reinstatement of the operating privileges, the trial court exceeded the scope of its authority. The trial court had two choices: to either affirm or reverse the recall of Tinsley's operating privileges. *See Department of Transportation, Bureau of Driver Licensing v. Miller,* 107 Pa.Commonwealth Ct. 458, 528 A.2d 1030 (1987). DOT, not the trial court, is authorized to make rules and regulations in furtherance of DOT's duties and responsibilities under the vehicle code. 75 Pa. C.S. § 6103. It is for DOT to make the reasonable accommodations and set operating requirements in accordance with the law.

Accordingly, the order of the trial court reinstating Tinsley's school bus operating license is affirmed, but reversed as to the conditions which the trial court order imposed.

DOYLE, Judge, concurring and dissenting.

I concur in the entire majority opinion with the exception of the decision to reverse as to the conditions which the trial court imposed. The trial court, I believe, should have full authority to impose such conditions, otherwise DOT would be free to impose unreasonable, if not impossible, conditions which would ultimately have to be reviewed by the trial court.

## ORDER

AND NOW, September 27, 1989, the order of the Court of Common Pleas of Delaware County reinstating Tinsley's

operating license is affirmed, but reversed as to the conditions which the trial court order imposed.