**Audry WOOD and Ella Mae Whitcomb, Appellants,**

v.

**OMAHA SCHOOL DISTRICT; Department of Motor Vehicles, Nebraska; Department of Education, Nebraska, Appellees.**

No. 92–1665.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1992.

Decided Feb. 12, 1993.

Rehearing Denied March 22, 1993.

**438**

Mary Clarkson, Omaha, NE, argued, for appellants.

Harold Mosher, Lincoln, NE, argued (John P. Heil, on the brief), for appellee.

Before FAGG, BEAM and HANSEN, Circuit Judges.

BEAM, Circuit Judge.

■ Audry Wood and Ella Mae Whitcomb appeal the district court's grant of summary judgment against them in their action for handicap discrimination in employment under the Rehabilitation Act, 29 U.S.C. § 794, 784 F.Supp. 1441.[1]

## I. BACKGROUND

Wood and Whitcomb are diabetics who worked as school van drivers for the School District of Omaha. In May 1986, the School District of Omaha, the Department of Motor Vehicles and the Nebraska Department of Education ("defendants") modified policies with respect to the licensing of school van drivers. The Department of Motor Vehicles and the Department of Education adopted rules for school van driv-

ers patterned after the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 391, et seq., which are promulgated by the United States Department of Transportation for interstate commercial truck drivers. The new rules required Wood and Whitcomb to undergo physical examinations and required their doctors to certify them as qualified under the Department of Transportation regulations. Because Wood's and Whitcomb's treating physicians indicated that they were treated with insulin to control diabetes, the Department of Motor Vehicles refused to consider their applications for commercial or school bus driver's licenses. The School District then demoted Wood and Whitcomb to positions as van aides, at lower rates of pay. Wood and Whitcomb are Type II diabetics who require insulin to lower their blood sugar levels.

The federal regulations and corresponding state rules address the concern that insulin-using diabetic drivers are subject to hypoglycemia.[2] Hypoglycemic episodes increase the potential for involvement in an accident. Wood and Whitcomb contend that they are at low risk for hypoglycemic episodes because they are Type II diabetics, are obese, and have a history of high blood sugar. They propose that any risk can be obviated by a self-test of their blood sugar levels before driving and at four-hour intervals thereafter. They also propose that they be allowed to carry a snack to elevate their blood sugar if necessary.

■ The only issue for resolution in this case is whether reasonable accommodations by defendants would allow Wood and Whitcomb to perform their jobs in spite of their handicaps.[3] In support of their re-

1. Wood and Whitcomb assert that the district court also erred in denying summary judgment in their favor. A denial of a motion for summary judgment is not a final order and is not appealable. *Wright v. South Ark. Regional Health Ctr., Inc.*, 800 F.2d 199, 202 (8th Cir. 1986). Accordingly, we will not address the issue.

2. Hypoglycemia is an abnormally low concentration of glucose in the blood which may lead to tremulousness, cold sweat, headache, hypothermia, irritability, confusion, hallucinations, bizarre behavior, and ultimately convulsions and coma. *Dorland's Illustrated Medical Dictionary* 804 (27th ed. 1988).

3. The district court had earlier ruled on cross-motions for summary judgment that Wood and Whitcomb are Type II diabetics who take prescription insulin for their diabetes; that they are "handicapped individuals" as defined by the Rehabilitation Act; and that they were removed from their jobs as van drivers by reason of their handicap. The parties do not dispute these findings.

spective positions on the issue, each party submitted affidavits of medical experts. Defendants proffer the affidavit of Dr. Duckworth,[4] who states that "any diabetic treated with insulin is at risk for developing hypoglycemia, a condition of low blood glucose concentrations," the onset of which "can be sudden and may not be perceived by the diabetic." Joint Appendix, vol. II, at 288. Wood and Whitcomb submit the affidavit of Dr. Ratner, who states that "neither plaintiff should be considered a high risk to experience hypoglycemia on the job" and that the proposed accommodation would "eliminate any significant or appreciable risk to the employer that the plaintiffs would experience hypoglycemia while driving a school van." Dr. Ratner also states that "if one establishes a safe level of glucose prior to performance of a sedentary activity ... the risk of hypoglycemia during that activity is reduced to virtually zero." Joint Appendix, vol. II, at 306, 307 and 310.

## II. DISCUSSION

In reviewing a decision of the district court to grant summary judgment, we must apply the same strict standard as the district court; therefore, our review is de novo. *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir.1989). We are required to view all the evidence in the light most favorable to the nonmoving party and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in the pleadings. *Id.* Summary judgment is appropriate only if there is no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

We conclude that a material factual dispute remains concerning whether the defendants can reasonably accommodate Wood and Whitcomb. In a Rehabilitation Act case, plaintiffs must initially meet the burden of providing evidence sufficient to make at least a facial showing that reasonable accommodation is possible. *See Arneson v. Heckler*, 879 F.2d 393, 396 (8th Cir.1989). Wood and Whitcomb have met their burden by proposing that defendants allow them to conduct self-blood-tests and to carry snacks. The burden then shifts to defendants to prove that they are unable to accommodate the plaintiffs or that the proposed accommodation is unreasonable. *Id.* An accommodation is unreasonable if it would necessitate modification of the essential nature of the program or place undue burdens on the employer. *Strathie v. Dept. of Transp.*, 716 F.2d 227, 230 (3d Cir.1983). "The essential nature of [a licensing] program is to prevent any and all *appreciable* risks that a school bus driver will be unable to provide for the control over and safety of his passengers." *Id.* at 232.

In this case, the affidavits proffered by the parties create a material issue of fact. The district court found that the proposal by Wood and Whitcomb would not eliminate the actual substantial risk "that plaintiffs would experience a hypoglycemic episode." Joint Appendix, vol. II, at 360. That finding cannot be made without discounting the testimony of Wood's and Whitcomb's expert that Wood and Whit-

---

4. Wood and Whitcomb objected to the affidavit of Dr. Duckworth on the ground that Duckworth's opinion was not based on examination of Wood and Whitcomb or on review of their medical records. They assert that the district court erred in admitting the affidavit, on which it relied in its order. It is not disputed that Dr. Duckworth is qualified to testify as an expert. The weaknesses, if any, in his opinion and expertise go to the weight to be afforded to his testimony, not its admissibility. *See Garnac Grain Co. v. Blackley*, 932 F.2d 1563, 1567, *modified on other grounds*, (8th Cir.1991). The criticism of Dr. Duckworth's testimony is the proper subject of cross-examination. *Id.* Of course, Wood and Whitcomb are correct that the Reha-

bilitation Act requires the district court to conduct an individualized inquiry and to make appropriate findings of fact. *School Bd. of Nassau County v. Arline*, 480 U.S. 273, 287, 107 S.Ct. 1123, 1131, 94 L.Ed.2d 307 (1987) ("[s]uch an inquiry is essential if § 504 is to achieve its goal of protecting handicapped individuals from deprivations based on prejudice, stereotypes, or unfounded fear, while giving appropriate weight to such legitimate concerns of grantees as avoiding exposing others to significant health and safety risks.") *Id.* However, the required individualized inquiry refers to the district court's analysis of the case and not to the expert's testimony.

comb do not present a substantial or appreciable risk of experiencing a hypoglycemic episode. Viewing the evidence in the light most favorable to Wood and Whitcomb, as we must, this court is unable to affirm the district court. The fact that the burden is on defendants to prove that accommodation is not reasonable strengthens our holding.[5]

## III. CONCLUSION

Accordingly, we reverse and remand to the district court for further proceedings.

---

**5.** Without deciding the ultimate issue in the case we note that the district court, in analyzing the evidence, may have used too restrictive a standard. The aim is not to eliminate all risk of a hypoglycemic reaction by a van driver; after all, there is evidence that the risk is, to some degree, present in the general population. The aim is to eliminate any appreciable risk of a hypoglycemic episode. *See Strathie,* 716 F.2d at 232 (a case involving a school bus driver with a hearing aid). *See also Commonwealth v. Tinsley,* 128 Pa.Cmwlth. 594, 564 A.2d 286, 288 (1989) (involving a school bus driver with Type II diabetes). There is some evidence here that Wood and Whitcomb may be at less risk of a hypoglycemic episode than persons with mild hypertension or a past history of myocardial infarction are at risk of a heart attack while driving. Joint Appendix, vol. III at 383.