The Honorable Owen Miller State Representative 602 Liberty Marked Tree, Arkansas 72365
Dear Representative Miller:
 This is in response to your request for an opinion on whether a diabetic individual can lawfully be employed as a public school bus driver.
It is my opinion that under current law, the answer to your question is "no," if the individual requires insulin to control the diabetes.[1]
Arkansas statutes specifically governing the qualifications of school bus drivers are unclear as to whether an individual with diabetes is qualified. Section 6-19-106(a) (Cum. Supp. 1991) of the Arkansas Code provides that: "No person physically defective or of unsound mind . . . shall be permitted or employed to act as chauffeur or operator of any school bus. . . . operated by public school district and used to transport pupils to and from the public schools. . . ." It is unclear under this statute exactly what types of medical conditions the term "physically defective" encompasses. This obviously outmoded term, enacted as a part of the 1943 act giving rise to this statute, is not defined by the statute or any other Arkansas law. It is unclear, therefore, whether it could be construed to include individuals with diabetes.
In addition to this statute, applicants for the position of public school bus driver are required by A.C.A. § 6-19-108(a), in order to receive the requisite bus drivers' certificate, to pass a series of tests, including a "physical examination given by a licensed physician or registered nurse for school bus drivers." A.C.A. § 6-19-108(a). The statute requires the "successful completion of these tests" prior to the certificate being issued. A.C.A. § 6-19-108(b). The statute is silent, however, as to which medical conditions will result in a failure to pass the physical exam. Again, therefore, the issue of whether this statute would exclude diabetics is unclear.
Additionally, school bus drivers must meet any "additional qualifications as may be required by the school district board of directors." A.C.A. § 6-19-108 (c). It therefore appears that the school district board could impose more specific qualifications with regard to physical fitness than are detailed in the applicable statutes.[2]
In order to be eligible to drive a school bus, however, a driver must also possess a "commercial drivers license" under A.C.A. §27-23-101—124, the "Arkansas Uniform Commercial Driver License Act." See also Op. Att'y. Gen. No. 90-223, (copy enclosed.) This subchapter was enacted to implement the federal "Commercial Motor Vehicle Safety Act of 1986," 49 U.S.C. §§ 2701-2718, requires certain skills tests, and disqualifies drivers who have committed certain serious traffic violations or other specified offenses. See generally, A.C.A. § 27-23-102 (Cum. Supp. 1991). The commercial drivers license may be restricted to include only the operation of school buses, church buses, nonprofit day care center buses and certain public transit vehicles, and if so restricted, the applicable fee is less. See
A.C.A. § 27-23-110(a)(8) and A.C.A. § 27-23-111(b)(3) (Cum. Supp. 1991).
School bus drivers in Arkansas are not required by federal law,
in order to obtain a commercial drivers license, to comply with regulations promulgated under 49 U.S.C. § 2505, (49 C.F.R. § 391et seq.) which set federal qualifications for drivers of commercial vehicles, and include medical restrictions. See49 C.F.R. § 383.71(a)(1) and 49 C.F.R. § 390.5 (f)(1). These regulations disqualify persons who require insulin to control diabetes mellitus from operating "motor vehicles as, for, or on behalf of motor carriers." See 49 C.F.R. § 391.1(a); § 391.41(b)(3) and § 391.43(d). These regulations have been characterized as applying only to "interstate commercial truck drivers." Wood v. Omaha School District, infra, at 438. In this regard, Part 383.71(a)(1) states that " [a] person who operates or expects to operate entirely in intrastate commerce and is not subject to part 391, is subject to State driver qualification requirements. . . ."
School bus drivers in Arkansas, however, are required to comply with these regulations, not by virtue of federal law, but because the Arkansas Highway Commission has adopted them for vehicles which are subject to the Commission's jurisdiction. Rule 17.1 of the General Rules of Practice and Procedure, Arkansas Highway Commission, adopts 49 C.F.R. Parts 383 through 399 as being applicable to intrastate operations. It states that:
 All rules and safety regulations now or hereafter prescribed and adopted by the U.S. Department of Transportation, Federal Highway Administration, applicable to motor vehicles under the Federal Motor Carrier Safety Regulations as found in 49 C.F.R. Parts 383 through 399, not in conflict with the laws of the State of Arkansas, are hereby adopted and prescribed as the safety rules and regulations applicable to the intrastate operations of motor vehicles under the jurisdiction of this Commission. . . .
School buses are under the jurisdiction of the Highway Commission, at least with regard to safety of operation and equipment standards. Section 23-13-206(a)(1) (Cum. Supp. 1991) of the Arkansas Code exempts from the state "Motor Carrier Act" "motor vehicles employed solely in transporting school children and teachers to or from school," but also states that these exempt carriers "shall be subject to safety of operation and equipment standards provisions prescribed or hereafter prescribed by the commission."
It is therefore my opinion that under current Arkansas law, which adopts the federal law, a diabetic individual who requires insulin to control his or her condition is not qualified to drive a school bus in Arkansas.
A question remains, however, as to whether this prohibition against diabetic school bus drivers will violate applicable discrimination laws. Specifically, litigation is currently pending in the Eighth Circuit on whether a school district's demotion of a diabetic from school van driver to "van aide" violates the "Rehabilitation Act," 29 U.S.C. § 794. Wood v.Omaha School District, 985 F.2d 437 (8th Cir. 1993). This case was precipitated by the fact that the Omaha School District, the Department of Motor Vehicles, and the Nebraska Department of Education modified their policies with respect to the licensing of school bus and school van drivers. The two latter agencies patterned their policies after the "Federal Motor Carrier Safety Regulations" (49 C.F.R. § 391 et seq., discussed above) which are applicable to interstate commercial truck drivers. These rules required physical examinations. Because the examinations revealed that plaintiffs were diabetics, the Department of Motor Vehicles refused to consider their applications for commercial or school bus driver licenses. The plaintiffs were demoted at a lower rate of pay. The Eighth Circuit reversed a summary judgment granted in favor of the School District and held that an issue of fact was raised as to whether the "reasonable accommodations" proposed by the plaintiffs (that they be allowed to self-test their blood before driving and at four hour intervals, and carry a snack on the van) would allow them to perform their job in spite of their handicaps. The case was remanded for factual development of this issue.
Thus, current Arkansas law requiring the exclusion of diabetic individuals for the position of school bus driver raises a question under applicable discrimination laws.[3] Final resolution of the case described above will be instructive on the issue.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana Cunningham Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Questions remain, however as to whether this state of the law will give rise to violations of applicable discrimination laws, including the "Rehabilitation Act," 29 U.S.C. § 794, and the "Americans with Disabilities Act," 42 U.S.C. §§ 12101 to12213.
[2] Again, however, a school district contemplating such action should be cognizant of applicable discrimination laws. See note 1, supra.
[3] A question may also arise under the "Americans with Disabilities Act," 42 U.S.C. §§ 12101-12213. It is my understanding that the federal government is reviewing the medical restrictions contained in 49 C.F.R. § 391 in light of this new act.