Audry WOOD; Ella Mae Whitcomb, Appellants,

v.

OMAHA SCHOOL DISTRICT; Department of Motor Vehicles, Nebraska; Department of Education, Nebraska, Appellees.

No. 93–2664.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1994.

Decided May 31, 1994.

**668**

Mary P. Clarkson, Omaha, NE, argued, for appellant.

Harold Mosher, Asst. Atty. Gen., Lincoln, NE, argued (John P. Heil, Omaha, NE, on the brief), for appellee.

Before FAGG, BOWMAN, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Audry Wood and Ella Mae Whitcomb appeal the district court's[1] entry of judgment against them in their action for disability discrimination in employment under the Rehabilitation Act, 29 U.S.C. § 794.[2] We affirm.

Wood and Whitcomb are insulin-using diabetics who were employed as school van drivers by the Omaha School District. They were demoted to positions as aides, at a lower rate of pay, when the School District, the Nebraska Department of Education and the Nebraska Department of Motor Vehicles ("the defendants") adopted policies patterned after the Department of Transportation guidelines for over-the-road truckers. The

regulations prohibit insulin-dependent diabetics from operating school buses or vans.

This is the second time this case has reached us on appeal. The district court initially granted the defendants' motion for summary judgment. Wood and Whitcomb appealed and we reversed, finding that there were genuine issues of material fact. *Wood v. Omaha Sch. Dist.,* 985 F.2d 437 (8th Cir. 1993). The case has now been tried to the court.

At the conclusion of all the evidence, the district court found:

> Audry and Ella Mae Whitcomb, evaluating each of them on an individualized basis, are not "otherwise qualified" to perform the duties of school van drivers, inasmuch as they are each Type II insulin-using diabetic persons, and as such [are] at appreciable [risk] of developing hypoglycemia, the symptoms of hypoglycemia and complications from hyperglycemia, the onset of which may occur without warning and that constitute a danger to the Plaintiffs, the school children, and any others on the van, and other persons using the road or highway.[3]
>
> The [court] further finds that, even if the plaintiffs should have met their burden, there is no reasonable accommodation that would ensure that hypoglycemia, the symptoms thereof, and the complications from hyperglycemia considering the instability thereof will not occur during their working hours.

Transcript of Court's Findings of Fact and Rulings of Law, 784 F.Supp. 1441, 1445–46. (U.S.Dist.Ct.D.Neb.1992).

On appeal, Wood and Whitcomb contend that: 1) the district court erred in finding that Wood and Whitcomb were not "otherwise qualified" to perform the job of van drivers; 2) the district court used an improper standard of risk assessment; and 3) the

---

**1.** The Honorable William J. Cambridge, United States District Judge for the District of Nebraska.

**2.** The Act was amended in 1992 to substitute the term "disability" for the former term "handicap." 29 U.S.C. § 794(a). (West Supp.1994). We will use the new terminology.

**3.** Hypoglycemia is an abnormally low concentration of glucose in the blood which may lead to tremulousness, cold sweat, headache, hypothermia, irritability, confusion, hallucinations, bizarre behavior, and ultimately convulsions and coma. Dorland's Illustrated Medical Dictionary 804 (27th ed. 1988). Hyperglycemia is an abnormally increased concentration of glucose in the blood. *Id.* at 793.

district court erred in rejecting the reasonable accommodation proposed by Wood and Whitcomb.

■ We review the district court's factual findings for clear error and its legal conclusions de novo. *Whitmore v. Lockhart,* 8 F.3d 614, 617 (8th Cir.1993). A district court's conclusions with regard to whether the accommodations made by the defendants are reasonable involves application of the law to undisputed factual determinations and is thus reviewable de novo. *Arneson v. Heckler,* 879 F.2d 393, 397 (8th Cir.1989).

■ Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability ... shall ... be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance" solely by reason of her or his disability.[4] 29 U.S.C. § 794 (West Supp.1994). An otherwise qualified individual is one who, with reasonable accommodation, can perform the essential functions of the position in question without endangering the health and safety of the individual or others. *Arneson,* 879 F.2d at 396. In determining what kinds of accommodations are reasonable, courts are permitted to take into account the reasonableness of the cost of any necessary workplace accommodation, the availability of alternatives therefor, or other appropriate relief in order to achieve an equitable and appropriate remedy. *Id.* at 397. An unreasonable accommodation is one which would impose undue hardship on the operation of the program in question. *Id.*

■ With those standards in mind, we find that the district court's factual findings are not clearly erroneous. In finding that Wood and Whitcomb are not otherwise qualified and could not be reasonably accommodated, the district court apparently relied on Dr. William Duckworth's testimony that hyperglycemia creates an increased risk of sudden and unexpected loss of vision or blurred vision and that hypoglycemia produces a danger of a sudden loss of consciousness. Transcript of Testimony of William Duckworth, M.D. at 83. The evidence supports the finding that Wood and Whitcomb are poorly-controlled diabetics and are thus in danger of problems from hypoglycemia or hyperglycemia. Although Dr. Duckworth's conclusions were contradicted by the testimony of Dr. Ratner, we cannot say that the district court clearly erred in crediting Dr. Duckworth's opinions over Dr. Ratner's contrary testimony.

■ Given that the district court credited the testimony of Dr. Duckworth, the district court also applied the proper standard of risk assessment. *See Wood,* 985 F.2d at 440 n. 5. According to Dr. Duckworth, there is an appreciable risk of either a hypoglycemic episode or hyperglycemic complications. Since the accommodation proposed by Wood and Whitcomb relates only to the dangers presented by hypoglycemia, the district court did not err in finding that the proposed accommodation failed to obviate the dangers inherent in insulin-using diabetics driving school buses or vans.

Accordingly, the judgment of the district court is affirmed.

---

4. It is uncontroverted that the defendants are recipients of federal funds. Joint Appendix at 574. The district court's finding that Wood and Whitcomb are disabled under the Rehabilitation Act has not been appealed. Joint Appendix at 577.