91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jim G. LIKES, Plaintiff-Appellant,
v.
Bruce BABBITT, Secretary, Department of Interior, Defendant-Appellee.
 No. 95-35593.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 1996.
Decided July 24, 1996.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-94-05026-RJB; Robert J. Bryan, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before: REAVLEY,* REINHARDT, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jim G. Likes ("Likes"), appeals the district court's dismissal of his claim against Bruce Babbitt, Secretary of the Interior, in which he alleged that he was terminated by the U.S. Fish and Wildlife Service ("USFWS") in violation of the Rehabilitation Act of 1973.
 
 
 3
 In order to establish a prima facie case of discrimination under the Rehabilitation Act, a plaintiff must show that 1) he was handicapped within the meaning of the Act, 2) he was otherwise qualified for the job, 3) he worked for a program conducted by an executive agency or one receiving federal financial assistance, and 4) that the adverse action was solely because of the handicap. 29 U.S.C. § 794; Jackson v. Veterans Admin., 22 F.3d 277, 278, cert. dismissed, 115 S.Ct. 657 (1994). At issue here is whether Likes was "otherwise qualified" for his position as a fisheries biologist.
 
 
 4
 Whether an individual is otherwise qualified and is under the protection of 29 U.S.C. § 794 is a finding of fact and is reviewed under the clearly erroneous standard. See School Bd. of Nassau County v. Arline, 480 U.S. 273, 287, 107 S.Ct. 1123, 1130 (1987) (to answer the question of whether an individual is otherwise qualified for a position, "the district court will need to conduct an individualized inquiry and make appropriate findings of fact"); see also Wood v. Omaha Sch. Dist., 25 F.3d 667, 669 (8th Cir.1994) (applying clearly erroneous standard in reviewing whether appellant was otherwise qualified); Leckelt v. Board of Comm'rs of Hosp. Dist. No. 1, 909 F.2d 820, 830 (5th Cir.1990) (concluding that "the district court was not clearly erroneous in finding that [appellant] was not 'otherwise qualified' to perform his job").
 
 
 5
 An otherwise qualified individual, within the meaning of the Rehabilitation Act, is one who can perform the essential functions of the position with or without reasonable accommodation. 29 C.F.R. § 1613.702(f); Buckingham v. United States, 998 F.2d 735, 740 (9th Cir.1993).
 
 
 6
 USFWS, based on the expert opinion of Dr. Lloyd Cripe, concluded that Likes would not be able to perform the essential functions of the position even with reasonable accommodation, despite more reserved opinions by three other experts. The district court also found Dr. Cripe's evaluation to be determinative and found that Likes was not an otherwise qualified handicapped individual and that his termination by USFWS was justified.
 
 The Supreme Court has held:
 
 7
 [W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.
 
 
 8
 Anderson v. Bessemer, 470 U.S. 564, 575, 105 S.Ct. 1504, 1512 (1984). The evaluations and testimonies of all four experts who examined Likes were, overall, coherent, facially plausible and uncontradicted by extrinsic evidence.[1] Therefore, we defer to the district court's choice to base it's decision on Dr. Cripe's opinion. Furthermore, by observing Likes as a witness at trial, the district court was able to confirm the soundness of Dr. Cripe's evaluation. Special deference must be paid to such credibility findings by the trial court. Anderson, 470 U.S. at 573; Campbell v. Wood, 18 F.3d 662, 681 (9th Cir.1994) (en banc), cert. denied, --- U.S. ----, 114 S.Ct. 2125 (1994).
 
 
 9
 Therefore, the district court's finding that Likes is not an otherwise qualified handicapped individual is not clearly erroneous. The issue of whether USFWS reasonably accommodated Likes' disabilities need not be reached because an employer is not required under the Rehabilitation Act to accommodate a handicapped individual who is not otherwise qualified. Mantolete v. Bolger, 767 F.2d 1416, 1423 (9th Cir.1985); 29 U.S.C. § 794.
 
 
 10
 For the above reasons, we affirm the district court's decision.
 
 
 
 *
 Hon. Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Several alleged inconsistencies are raised in the appellant's brief regarding Dr. Cripe's evaluation and testimony. However, the points raised are insubstantial and in no way invalidate the major conclusions reached by Dr. Cripe